IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LINDA VEDA MUNOZ,                    §
                                     §
            Plaintiff,               §
                                     §
VS.                                  §   CIVIL ACTION H-12-0894
                                     §
HSBC BANK USA, N.A., as Trustee      §
on behalf of ACE Securities          §
Corp. Home Equity Loan Trust and§
for the Registered holders of        §
ACE Securities Corp. Home Equity§
Loan Trust Series 2007-WM2,          §
Asset Backed Pass-Through            §
Certificates,                        §
                                     §
            Defendant.               §

## OPINION AND ORDER

Pending before the Court in the above referenced cause to set aside the alleged wrongful foreclosure on Plaintiff Linda Veda Munoz's home and property at 6943 Fox Mesa Lane, Humble, Texas 77338 ("the property"), claiming violation of the Texas Business & Commerce Code § 3.301, and seeking a declaratory judgment, is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, motion for more definite statement under Rule 12(e)(instrument #3) filed by Defendant HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Loan Trust Series 2007-WM2, Asset Backed Pass-Through Certificates ("HSBC").

This case was removed from state court on diversity

-1-

jurisdiction grounds.

## Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum

-2-

notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *citing Twombly*, 127 S. Ct. at 1974.  "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).  Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b).  *Iqbal*, 129 S. Ct. at 1949.  The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

     As noted, on a Rule 12(b)(6) review, although generally the

court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that*

-4-

proposition in *Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.

[citations omitted]").  The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

> Under Rule 12(e),
>
> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Motions for more definite statement are "used to remedy an unintelligible pleading; they are not used to clarify a pleading that lacks detail, and they are not intended to serve as a substitute for discovery."  *Allstate Ins. Co. v. Donovan*, Civ. A. No. H-12-0432, 2012 WL 2577536, *19 (S.D. Tex. July 3, 2012, *citing Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5ᵗʰ Cir. 1959). The court has considerable discretion in deciding whether to grant such a motion.  *Ditcharo v. United Parcel Service, Inc.*, 376 Fed. Appx. 432, 440 n.9 (5ᵗʰ Cir. 2010), *citing Old Time Enterprises, Inc. v. International Coffee Corp.*, 862 F.2d 1213, 1217 (5ᵗʰ Cir. 1989).  Motions for more definite statement are generally disfavored. *Russell v. Grace Presbyterian Village*, No. 05-CV-0030-P, 2005 WL 1489579, *3 (N.D. Tex. June 22, 2005), *citing* 5A Charles

Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1377 (2d ed. 1990).  For the reasons stated below, the Court finds that Rule 12(e) relief is not appropriate because the problems are not that the pleadings are unintelligible, but that in large part as a matter of law they fail to state a cognizable cause of action for wrongful foreclosure.

### Relevant Law

A plaintiff asserting wrongful foreclosure must show (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W. 3d 135, 139 (Tex. App.--Corpus Christi 2008, no pet.), *citing Charter Nat'l Bank-Houston v. Stevens*, 781 S.W. 2d 368, 371 (Tex. App.--Houston [14th Dist.] 1989, writ denied).  Moreover there must be evidence of an irregularity that "must have caused or contributed to cause the property to be sold for a grossly inadequate price." *In re Keener*, 268 B.R. 912, 921 (N.D. Tex. 2001).  "Under Texas law a grossly inadequate price would have to be 'consideration so far short of the real value of the property as to shock a correct mind, and thereby raise a presumption that fraud attended the purchase.'" *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-CV-359-A, 2012 WL 2511169, *9 (N.D. Tex. June 29, 2012), *citing FDIC v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990), *quoting Richardson v. Kent*, 47 S.W. 2d 420, 425

(Tex. Civ. App.--Dallas 1932, no writ)("The weight of Texas authority rejects a determination of gross inadequacy where . . . property sells for over 60% of fair market value.").

**Allegations of Plaintiff's Original Petition (#1-4, Ex. A-2)**

With the aid of two loans from WMC Mortgage Corp. and secured through two vendors' liens, one for $81,600.00 and the other for $20,400.00,[1] Plaintiff purchased the property on November 14, 2006. It is her homestead and primary residence.  She asserts that "[s]he does not have family or friends in the State of Texas and has nowhere to go if she loses her homestead."  Orig. Pet. at ¶7.

Plaintiff further claims that each of the documents states that the Mortgage Electronic Registration Systems, Inc. ("MERS"), defined as "a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns," is the beneficiary under this Security Instrument."  She asserts that on February 26, 2008 MERS assigned the Note and Deed of Trust associated with this loan out of the MERS system to HSBC, with the transfer document

---

[1] Although Plaintiff claims copies of relevant documents are attached to her Original Petition as Exhibits A-E, they were not included under the e-filed Notice of Removal (#1).  Accordingly the Court requested that Plaintiff's counsel file them, and they have done so as instrument #14, entered on 10/22/12.

Exhibits A and B are Deeds of Trust on the two liens financing the property, which reflect that the Lender is WMC Mortgage Corp. They both indicate that MERS is the beneficiary of both security instruments, solely as nominee for Lender and Lender's successors and assigns and the successors and assigns of MERS.  Moreover, they give MERS, as nominee for Lender and Lender's successors and assigns, *inter alia* the rights to foreclose and sell the property.

reportedly signed by Scott Anderson ("Anderson"), Vice President of MERS.  Plaintiff questions whether Anderson, himself, signed the transfer document (#14, Ex. G) and whether it is valid.  There are no other documents giving any ownership of the property nor promissory notes recorded in the Harris County Property Records. She states that she never entered into a contractual relationship with HSBC.  Nor did she receive any notices of default as required by Texas Property Code § 51.002.

On October 28, 2011 HSBC purchased the property at a foreclosure sale for $100,469.17.[2]  On or about October 28, 2011 HSBC filed an eviction suit against Plaintiff; the trial was set for February 6, 2012.  Plaintiff filed this suit on February 3, 2012, seeking a temporary restraining order and temporary injunction.  The parties then agreed to the entry of a temporary restraining order, which was signed by a judge.  The case was removed to federal court on March 23, 2012.

Plaintiff identifies three causes of action:  wrongful foreclosure, violations of the Texas Business & Commerce Code § 3.301,[3] and a declaratory judgment that the assignment of her home

---

[2] #14, Ex. E.

[3] Section 3.301 provides,

"Person to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section

equity loan to HSBC is invalid, along with an order that HSBC "execute all documents necessary to clear title to the property."

Maintaining that possession or control over a Deed of Trust is irrelevant without a right to enforce the note, Plaintiff argues that because the mortgage through the transfer of lien document that Anderson purportedly signed, but which signature she questions, was transferred without the note, HSBC lacks the right to foreclose on the property.  She argues that when the note is split from the deed of trust, the note becomes unsecured.  *Teas v. Republic Nat'l Bank*, 460 S.W. 2d 233, 243 (Tex. Civ. App.--Dallas 1970, writ ref'd n.r.e.)[4]; *Restatement (Third) of Property*

_____

3.309 or 3.418(d).  A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or in wrongful possession of the instrument.

[4] This Court agrees with the *DeFranceschi* court's interpretation of *Teas, i.e.,* that

[a] mortgage created by a deed of trust is an interest created by a written instrument providing security for payment.  The security is established by a note.  *See Teas*[, 460 S.W.2d at 243].  Because the deed of trust or mortgage has no legal effect aside from the debt or obligation, any transfer of the deed of trust without the note automatically passes the debt.  Indeed, the note provides that its protections to the lender are enforced through the deed of trust. . .

*DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616 , 622 (N.D. Tex. 2011).  The court in *DeFranceschi* summarized, "[A] transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions."  *Id.* at 623.  *In accord Willeford v. Wells Fargo Bank, N.A.*, Civ. A. No. 3:12-CV-0448-B, 2012 WL 2864499, *3 (N.D. Tex. July 12, 2012); *McDonald v. Deutsche Bank Nat. Trust Co.*, Civ.

*(Mortgages)* § 5.4 cmt. a (1997).[5]  Plaintiff further maintains that
a person holding only a deed of trust suffers no default because
only the holder of the note is entitled to payment on it.  *See
Restatement (Third) of Property (Mortgages)* § 5.4 cmt. e (1997).
Mere possession of a deed of trust, without a concurrent right to
enforce the note, does not create any authority to foreclose.

Plaintiff questions whether Anderson signed the transfer of
lien (#14, Ex. C) and therefore HSBC lacks standing to foreclose.
Furthermore, because the note that was originated with the deed of
trust is a negotiable instrument as defined by § 3.201 of the Texas
Business & Commerce Code, it must be negotiated to enforce it.[6]

---

A. No. 3:11-CV-2691-B, 2012 WL 2122168, *3 (N.D. Tex. June 11,
2012); *Malikyar v. BAC Home Loans Servicing, LP*, No. 4:11-CV-417,
2011 WL 5837262, *5 (E.D. Tex. Oct. 28, 2011).

[5] Comment e to Section 5.4 of the *Restatement (3d) of Property*
does not support Plaintiff's arguments.  As will be discussed,
because MERS is a beneficiary and nominee for the originating
lender, here WMC Mortgage Corp., and its successors and assigns by
the express language in the deed of trust, under comment e the
circumstances here fall within the exception to the general rule
that a party holding only the deed of trust cannot enforce a
mortgage.  Section 5.4 also provides that a "transfer  of  an
obligation secured by a mortgage also transfers the mortgage unless
the parties to the transfer agree otherwise").  *See, e.g., Van
Hauen v. Wells Fargo Bank, N.A.*, No. 4:12-CV-344, 2012 WL 416218.
*5 (E.D. Tex. Aug. 24, 2012), *report and recommendation adopted*,
2012 WL 4322518 (E.D. Tex. Sept. 20, 2012); *Eskridge v. Fed. Home
Loan Mortg. Corp.*, 2011 WL 2163989, *5 (W.D. Tex. Feb. 24,
2011)(same); *Odum v. Mortgage Electronic Registration Systems,
Inc.*, No.4:12-cv-959, 2012 WL 2376071, *2-3 (S.D. Tex. June 22,
2012).

[6] "'Negotiation' is the 'transfer of possession of the
instrument . . . by a person other than the issuer to a person who
thereby becomes a holder.'  Tex. Bus. & Com. Code § 3.201.  If the

She points out that the note in this dispute has not been recorded in the Real Property Records of Harris County. Other than the transfer-of-lien document supposedly signed by Anderson, there are no other documents giving ownership of the property or promissory notes recorded in the Harris County Property Records. Thus it remains unclear if the note was negotiated. To enforce the note, HBCS must have possession of the note unless, under § 3.301 (1) the instrument has been lost, stolen or destroyed (and the enforcing party was entitled to enforce it at the time the document was lost, stolen or destroyed) or (2) the instrument was paid or accepted by mistake. Plaintiff believes the note was not properly negotiated and that Defendant lacks standing to foreclose.

**HSBC's Motion to Dismiss or for More Definite Statement (#3)**

Insisting Plaintiff fails to state a plausible cause of action for wrongful foreclosure in this suit, HSBC emphasizes that Plaintiff fails to plead any facts that would support a finding of either a defect in the foreclosure sale or a grossly inadequate sales price. Instead she pleads typical, and here meritless, defenses to such a cause of action, e.g., that the deed of trust is unenforceable because it has been bifurcated from the note, that HSBC does not hold the note, and that she never received notice of default in accordance with the Texas Property Code.

--------

instrument is payable to an identified person, negotiation requires both transfer of possession and written indorsement of the holder. *Id.* at § 3.201(b)." 2012 WL 3206237, at *2.

HSBC argues that Plaintiff's claim under § 3.301 of the Tex. Bus. & Comm. Code is actually for what would be an erroneous declaration that HSBC is not a person entitled to enforce Plaintiff's note and deed of trust.  HSBC asserts that she is not entitled to such a declaration first because she lacks standing to contest the assignment of her note and deed of trust because she is not a party to the assignment.  Moreover, Plaintiff fails to plead facts to support her theory that HSBC does not hold her note.  All her allegations are conclusory, devoid of supporting facts.

Plaintiff challenges the validity of the assignment of the deed of trust on the speculative grounds that "she does not believe Scott Anderson signed the . . . transfer of lien and believes the document to be invalid."  #1-4, Ex. A-2 at ¶ 11.  Her allegations that the signature on the assignment "differs greatly" from that on other copies of assignments signed by Anderson for unrelated properties (#14, Exs. F-J) and that the assignment is invalid, are also speculative and subjective and should be dismissed under Rule 12(b)(6).  *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993)("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

HSBC argues that because Plaintiff is not a party to the assignment of her note and deed of trust, she is not entitled to such a declaration because she lacks standing to contest the

assignment.  To establish standing, a plaintiff must assert her own legal rights and interest and cannot rely on the legal right and interest of a third party.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).   An assignment is a contract between assignor and subsequent assignees.  *D Design Holdings, LP v. MMO Corp.*, 339 S.W. 3d 195, 200-01 (Tex. App.--Dallas 2011).   In Texas, mortgage borrowers have no standing to contest an assignment from lender to lender because the borrower is not a party to those agreements. *See, e.g., McAllister v. BAC Home Lonas Servicing, LP*, No. 4:10-CV-504, 2011 WL 2200672, *5 (E.D. Tex. Apr. 28, 2012), *report and recommendation adopted*, 2011 WL 2183844 (E.D. Tex. June 6, 2011); *Allen v. Chase Home Fin., LLC*, No. 3:10-cv-1058, 2011 WL 2683192, *4 (E.D. Tex. July 26, 2011), *report and recommendation adopted*, 2011 WL 2690576 (E.D. Tex. July 11, 2011); *Bittinger v. Wells Fargo Bank*, *N.A.*, 744 F. Supp. 2d 619, 625-26 (S.D. Tex. 2010).  Thus the Court should dismiss Plaintiff's challenge of the assignment of her note and deed of trust to HSBC.

Furthermore, the deed of trust here expressly provides for assignment of her mortgage:  "The beneficiary of this security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." By signing the deed of trust, Plaintiff agreed with its terms. Therefore whether she entered into a contractual relationship directly with HSBC relating to her property is irrelevant.  HSBC,

as an assignee of WMC Mortgage Corp., the originator of Plaintiff's mortgage loan, is entitled to enforce the terms of the deed of trust.

In addition, asserts HSBC, contrary to Plaintiff's conclusory allegations and Texas law, the note and deed of trust are not split. Texas does not recognize a cause of action for bifurcating a note from a deed of trust; instead bifurcation is usually an unsuccessful defense to foreclosure. Even if the Court considers such allegations, they are only conclusions, not facts, and are not supported by Texas law. "[A] transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. Aug. 31, 2011), *citing Eskridge v. Fed. Home Loan Mortg. Corp.*. 2011 WL 2163989, *5 (W.D. Tex. Feb. 24, 2011); *Allen v. Chase*, 2011 WL 2683192, at *4; *McAllister*, 2011 WL 2200672, at *5-6. "Because the deed of trust or mortgage has no legal effect apart from the debt or obligation, any transfer of the deed of trust without the note automatically passes the debt." *DeFranceschi*, 837 F. Supp. 2d at 622, *citing Teas v. Republic Nat'l Bank*, 460 S.W. 2d 233, 243 (Tex. Civ. App;-Dallas 1970, writ ref'd n.r.e.).

Plaintiff's speculation that HSBC is not the holder of her note or that the assignments lack valid signatures is conclusory and devoid of factual allegations to support her belief. Moreover,

although she complains that HSBC does not hold her note and that it was not transferred even though it had to be in order to be enforceable, there is no requirement under Texas law that HSBC must present a copy of the note before it can foreclose, nor that the note be recorded in the real property records prior to foreclosure to establish ownership and/or possession of the note, nor that the assignment of Plaintiff's deed of trust be recorded in the real property records prior to foreclosure. *Bittinger*, 744 F. Supp. 2d at 625 ("no legal ground for a wrongful foreclosure based on the failure to record the deed of trust in the county real property records"); *Bennett v. JPMorgan Chase*, Civ. A. No. 3:12-CV-212-N, 2012 WL 2864751, *4 (N.D. Tex. June 12, 2012).  Thus documents recorded or not recorded in the Harris County real property records are not evidence of HSBC's authority or lack of authority to foreclose on Plaintiff's property.

Moreover Plaintiff fails to state a claim for wrongful foreclosure.  The challenges to HSBC's authority to enforce the loan documents as an assignee of the loan originator are conclusory.  Plaintiff does not allege that HSBC did not send her the proper foreclosure notices under § 51.002 under the Texas Property Code, but only that she never received any notices.  Under § 51.002(e), service of notice is effective upon placing the notice in an envelope in the United States mail with postage prepaid; it does not require that Plaintiff receive the notice.  The Court

-16-

agrees. *Adepo v. Litton Loan Servicing, L.P.*, No. 01-07-00708-CV, 2008 WL 2209703, *4 (Tex. App.--Houston [1st Dist.] May 29, 3008, no pet.); *Hill v. Fremont Inv. & Loan*, No. 05-02-01438-CV, 2004 WL 1178607, *3 (Tex. App.--Dallas May 28, 2004).

Plaintiff also fails to allege facts showing key elements of a wrongful foreclosure claim, i.e., that the subject property was sold for a grossly inadequate sale price or that this price was causally related to an alleged defect in the foreclosure proceedings.  Again the Court concurs.

Alternatively, Defendant moves for a more definite statement under Federal Rule of Civil Procedure 12(e).

### Plaintiff's Response (#8)

Plaintiff maintains that her pleadings are not conclusory, but satisfy Rule 12(b)(6).  The Court agrees with HSBC that they do not.

In particular Plaintiff focuses on the February 26, 2008 assignment of her property purportedly signed by Anderson (Ex. C to #14) and copies of various transfer liens with varying signatures of Anderson (exhibits F-J) and, without providing any facts or specific reasons, suggests his signatures on Exhibit C and Exhibits F-J are fraudulent and that the signatories lacked authority to sign the assignment of mortgage; she concludes that therefore HSBC does not hold the mortgage.

Plaintiff insists that the central issue here is whether HSBC

-17-

has the power to close on Plaintiff's property.  She maintains it is a fact issue and that it should be addressed after discovery on summary judgment or at trial.

Furthermore she claims that HSBC was never a holder of the Note or the Deed of Trust and therefore lacks authority to enforce the Deed of Trust through a non-judicial foreclosure.  She executed a note payable to WMC Mortage Corp on November 13, 2006 and a Deed of Trust that does not name HSBC as beneficiary, but MERS, solely as WMC Corp.'s nominee.  The Note makes no reference to MERS. Plaintiff contends that HSBC must show that the Note, in addition to the Deed of Trust, was transferred to HSBC via assignment. Plaintiff maintains that Defendant must prove a chain of custody of the Note to show it can enforce or foreclose upon the Note because HSBC bears the burden of proving it is the holder or owner of the Note.  Plaintiff claims that without the benefit of formal discovery it is impossible to prove a negative and that she has alleged sufficient facts showing that Defendant was never the holder, transferee or owner of the Note.

Finally Plaintiff observes that while HSBC addressed her claim for wrongful foreclosure, it failed to address her claim for violations under the Texas Business & Commerce Code.

### Defendant's Reply (#9)

Defendant replies that although she asserts three causes of action, Plaintiff alleges only a single cause of action here,

wrongful foreclosure, and that she does not allege a single fact supporting it or her request for a declaration that HSBC is not a person entitled to enforce a negotiable instrument under § 3.301 of the Texas Business & Commerce Code.   She merely reiterates her speculative and conclusory allegations.   She fails to allege facts showing that the Note was improperly assigned or endorsed; instead she states that she "believes that the original note was not properly negotiated."   She fails to specify the basis for her belief or what the alleged "fraudulent activities" of Anderson are, but speculates and subjectively interprets the signature on the assignment of her deed of trust and on deeds of trusts of other properties to which Plaintiff has no right or in which she has no interests.

Moreover, as HSBC showed earlier, it is settled law in Texas that "a mortgagor does not have standing to challenge various assignments of the note or pooling and servicing agreements because the mortgagor is not a party to the assignment or agreements." *Edwards v. Ocwen Loan Servicing, LLC*, No. 9:10-cv-89, 2012 WL 844396, at *5 (E.D. Tex. Mar. 12, 2012).   She fails to allege that there was a defect in the foreclosure sale and that it resulted in a grossly inadequate sales price.   Thus her only cause of action fails.

### Plaintiff's Supplemental Brief (#12)

Insisting she has stated a viable claim, Plaintiff relies on

a recent opinion, *Miller v. Homecomings Fin., LLC*, ___ F. Supp. 2d ___, Civ. A. No. 4:11-cv-04416, 2012 WL 3206237 (S.D. Tex. Aug. 8, 2012), in which United States Magistrate Judge Stephen William Smith recognized as a viable cause of action under Texas law the right of homeowners to challenge a party's right to foreclose on their property. *Id.* at *5 and 6 ("Texas courts routinely allow a homeowner to challenge a chain of assignments by which a party claims the right to foreclose.").

The Court summarizes the holding in *Miller*. Under the Texas Property Code, only two parties have standing to commence a non-judicial forfeiture sale: "the mortgagee or the mortgage servicer acting on behalf of the current mortgagee."[7]          *Id.*

_____

[7] "Mortgage servicer" is defined, in Tex. Prop. Code § 51.0001(3)) as "'the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by the security instrument.'"  Section 51.001(4) of the Tex. Prop. Code defines "mortgagee" as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (b) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record."  2012 WL 3206237, *6 n.4.  2012 WL 3206237, *6 n.5.

The Court notes that, relevant to the situation before this Court, in *Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-375, 2012 WL 629440, *6 (E.D. Tex. Feb. 3, 2012), *citing In re: Mortgage Electronic Registration Systems (MERS) Litig.*, 659 F. Supp. 2d 1368 (U.S. Jud. Pan. Mult. Lit. 2009), the district court explained that the Mortgage Electronic Registration Systems, Inc. ("MERS") is

an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans.  The system is designed to track transfers and avoid recording and other transfer fees that are otherwise associated with the

> sale.   MERS  is  defined  in  Texas  Property  Code  §
> 51.0001(1)  as  a  "book  entry  system,"  which  means  a
> "national  book  system  for  registering  a  beneficial
> interest  in  security  instrument  and  its  successors  and
> assigns."

Furthermore,  as  is  analogous  to   the  circumstances  of  the  case
here,  "'[u]nder  Texas  law,  where  a  deed  of  trust  .  .  .  expressly
provides  for  MERS  to  have  the  power  of  sale,  then  MERS  has  the
power  of  sale.'"  *Id.,  quoting  Athey  v.  MERS*,  314  S.W.  3d  161,  165-
66  (Tex.  App.--Eastland  2010).   The  *Kazmi*  court  observed  about  the
case  before  it,  in  which  the  deed  of  trust  authorized  MERS  to  act
as  the  beneficiary,  as  the  nominee  of  the  lender  and  its
successors,  and  gave  MERS  "the  right  to  foreclose  and  sell  the
Property;  and  to  take  any  action  required  of  Lender,"

> Under  the  Texas  Property  Code,  a  mortgagee  may  authorize
> a  mortgage  servicer  to  service  a  mortgage  and  conduct  a
> foreclosure  sale.   *See*  Tex.  Prop.  Code  Ann.  §  51.0025.
> MERS  is  a  mortgagee  under  the  Texas  Property  Code.   *See*
> Tex.  Prop.  Code  Ann.  §51.001(4).   Since  the  Deed  of  Trust
> identifies  MERS  as  the  beneficiary  and  the  nominee  for
> the  original  lender  and  its  successors  and  assigns,  this
> makes  MERS  a  mortgagee  under  the  Texas  Property  Code.   As
> a  mortgagee,  MERS  could  authorize  BAC  to  service  the  loan
> and  foreclose,  regardless  of  whether  MERS  was  the  true
> owner  of  the  Note.

*Id*.  at  *5-6.   *In  accord,  Allen  v.  Chase  Home  Finance,  LLC*,  No.
4:11-CV-223,  2011  WL  2683292,  *3-4  (E.D.  Tex.  June  10,  2011);
*Richardson  v.  CitiMortgage,  Inc*,  2010  WL  4818556,  *5  (E.D.  Tex.
Nov.  22,  2010);  *Santarose  v.  Aurora  Bank  FSB*,  Civ.  A.  No.  H-10-720,
2010  WL  2232819,  *5  (S.D.  Tex.  June  2,  2010);  *Wigginton  v.  Bank  of
New  York  Mellon*,  Civ.  A.  No.  3:10-CV-2128-G,  2011  WL  2669071,  *3
(N.D.  Tex.  July  7,  2011),  *aff'd*,  ___  Fed.  Appx.  ___,  No.  12-10136,
2012  WL  4053793  (5th  Cir.  Sept.  14,  2012);  *Bierwirth  v.  BAC  Home
Loans  Servicing,  L.P.*,  No.  03-22-00644-CV,  2012  WL  3793190,  *4-5
(Tex.  App.--Austin  Aug.  20,  2012).   While  §  51.0025  of  the  Texas
Property  Code  Ann.  sets  out  certain  conditions  to  be  met  for  a
mortgage  servicer  like  MERS  to  administer  the  foreclosure  of
property  on  behalf  of  a  mortgagee,  it  does  not  "require  the
mortgage  servicer  to  be  the  holder  of  the  Note  and  Deed  of  Trust  or
to  produce  the  original  loan  documents."   *Sawyer  v.  Mortgage
Electronic  Registration  Systems,  Inc*.,  2010  WL  996768,  *3  (N.D.
Tex.  Feb.  1,  2010),  *cited  by  Kazmi  for  that  proposition*,  2012  WL
629440,  at  *6.    The  *Kazmi*  court  concluded,  "As  MERS  is  a

at *2.  Judge Smith opined that when the party seeking to foreclose is not the original mortgagee, it must be able to trace its rights under the security instrument back to the original mortgagee by either showing that it is the holder of the note secured by the deed of trust by (1) possession of the note (either because it was issued to that person or by "negotiation," or (2) by proving "'successive transfers of possession and indorsement' establishing an 'unbroken chain of the title.'"  *Id.*  It may prove either by testimony or documentation that it is the owner of the note under common law principles of assignment through a unbroken chain of assignments.  *Id.* at *3.

As in the instant suit, the defendants in *Miller* argued that plaintiffs did not have standing to challenge the assignment of their mortgage.  Judge Smith opined that the nine recent decisions from federal courts cited by defendants that agreed with defendants' proposition (six from the same magistrate judge) failed to cite as authority any Texas case law or statute, and all but one relied on a single federal case, *Eskridge*, 2011 WL 2163989, which did not cite any authority at all.  He concluded, 2012 WL 3206237

---

beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust, the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage.  *Id., citing Eskridge v. Fed. Home Loan Mortg. Corp.,* No. 6:10-CV-00285-WSS, 2011 WL 2163989, *5 (W.D. Tex. Feb. 24, 2011), and Comment E to the *Restatement (3d) of Property (Mortgages)* § 5.4.  *In accord Puente v. CitiMortgage, Inc.,* Civ. A. No. 3:11-CV-2509-N, 2012 WL 4335997, *4 (N.D. Tex. Aug. 29, 2012).

at *6, "that under Texas law homeowners have legal standing to challenge the validity or effectiveness of any assignment or chain of assignments under which a party claims the right to foreclose on their property" and to try to show an unexplained gap in chain of title to question ownership of the note. *Id.* at *3.  Judge Smith concluded that a transfer or assignment of a recorded mortgage must be recorded in the office of the county clerk under Texas Local Government Code § 192.007(a), and opined that "the absence of such required filings is arguably some evidence that no such assignment or transfer has occurred.  *Id.* at *4.  Alternatively, in response to the argument that the plaintiffs had no standing to challenge an assignment of the security interest because they were not parties to the assignment, Judge Smith pointed to an established common law rule in Texas that allows a debtor to assert against an assignee any ground that renders the assignment void or invalid, such as a broken chain of title, but not a ground that renders it only voidable.  *Id*. at *4-5.

### Defendant's Supplemental Reply (#13)

HSBC replies that the *Miller* opinion is inapposite to the facts in the instant case.  In *Miller* the plaintiffs pleaded that there was a missing link in the chain of assignments that were recorded in the real property records, specifically there was no evidence of an assignment from the original lender, Homecomings Financial Network, Inc., to JPMorgan Chase Bank.  Despite this gap,

JPMorgan Chase in turn assigned the deed of trust lien to Mellon Bank, which obtained an order under Texas Rule of Civil Procedure to proceed with a foreclosure sale of the plaintiffs' property in dispute.  Judge Smith found the plaintiffs had stated a cognizable claim for relief for wrongful foreclosure, trespass to try title, and quiet title.

HSBC distinguishes this case on the grounds that Plaintiff has failed to plead any facts indicating that Defendant lacks authority to foreclose.  Furthermore her pleadings (#1-4. Ex. A-2) and their attachments (#14, Ex. A) clearly demonstrate that HSBC is her mortgagee with the power to foreclose the deed of trust lien.  She asserts that she executed a promissory note in favor of WMC Mortgage.  Her deed of trust (Ex. A) states that Plaintiff grants a security interest in the property to MERS, solely as nominee for Lender and Lender's successors and assigns and the successors and assigns of MERS.  Ex. A at pp. 1-2.  Borrower conveyed the property in trust, with power of sale.  Ex. A, p.3.  Exhibit C, the "Transfer of Lien," acknowledges the transfer of lien from MERS, as nominee for WMC Mortgage Corp., its successors and assigns, to HSBC Bank USA, as Trustee on Behalf of ACE Securities Corp. Home Equity Loan Trust, Series 2007-WM2, Asset Backed Pass-Through Certificates.  Thus there is no "missing link" in the chain of assignments recorded in real property records.  According to Texas Prop. Code § 51.0001(4), the current mortgagee of Plaintiff's deed

of trust is indisputably HSBC.

As in its insistence that under Texas law borrowers lack standing to contest assignments of trust liens because they are not parties to the assignment, HSBC contends that because an assignment is a contract between the assignor of a right and an assignee where the assignee receives the authority to assert that right, such an assignment is controlled by contract law.  It is basic law that a person who is not a party to a contract cannot enforce or challenge the contract; similarly a person who is not a party to an assignment lacks standing to contest it except under two limited exceptions: (1) the primary exception where an assignee of a claim sues the obligor for performance (and the obligor may defend the suit on any ground that renders the assignment void, but not on a ground which renders it only voidable) and (2) rarely Texas law allows a defendant sued on a negotiable instrument to assert defenses and claims held by others.  Neither, HSBC contends, applies to this suit, so Plaintiff has no legal basis for challenging the assignment of her deed of trust lien, and thus fails to state a claim.

HSBC also points out that in contrast to Judge Smith's conclusion in *Miller*, a number of Texas federal courts have held that borrowers lack standing to challenge MERS's assignment of the deed of trust lien because they were not parties to the assignment. #13 at p. 6 n.17 (listing numerous federal cases with that

-25-

determination).  The Court agrees.  *See, e.g., Marsh v. JPMorgan Chase Bank, N.A.*, ____ F. Supp. 2d ____, 2012 WL 3756276, *3 (W.D. Tex. Aug. 29, 2012); *Medrano v. BAC Home Loans Servicing, LP*, Civ. A. No. 3:10-CV-02565-M (BF), 2012 WL 4174890, *6 (N.D. Tex. Aug. 10, 2012); *Hazzard v. Bank of America, N.A.*, Civ. A. No. C-12-127, 2012 WL 2339313, *3 (S.D. Tex. June 19, 2012); *McAllister v. BAC Home Loans Servicing, LP*, No. 4:10-cv-504, 2011 WL 2200672, *5 (E.D. Tex. Aug. 28, 2011).

Moreover HSBC states that the facts in the cases cited by *Miller* to show that Texas courts regularly allow a homeowner to challenge the chain of assignments leading to a foreclosure are distinguishable from those here, in which a borrower is attempting to challenge a non-judicial foreclosure of a deed of trust. (*Miller's* authorities challenged the noteholder's authority to collect on a promissory note or to collect a retail installment contract in cases in which the creditor either sued the borrowers or counterclaimed against them.)  The case before this Court does not involve claims or counterclaims asserted by a creditor on a note or any other claim or counterclaim asserted against Plaintiff. HSBC has not sued Plaintiff for anything, but has only exercised a contractual remedy of non-judicial foreclosure under a deed of trust, and Plaintiff agreed to that remedy in her deed of trust. It is established law that Texas distinguishes between enforcement of a promissory note and foreclosure, which enforces a deed of

trust, not the underlying note. *Reardean v. CitiMorgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307 (W.D. Tex. July 25, 2011)("Foreclosure is an independent action against the collateral and may be conducted without judicial supervision. Enforcement of a note, on the other hand, is a personal action against the signatory and requires a judicial proceeding."), *citing Slaughter v. Quails*, 162 S.W. 2d 671 (Tex. 1942).

For all these reasons, HSBC urges the Court to conclude that Plaintiff lacks authority to contest the assignment of the deed of trust lien and has failed to state any viable claim for relief.

## Court's Decision

First, the Court agrees that in actuality Plaintiff has asserted a single cause of action for wrongful foreclosure. Her second claim under § 3.301 of the Tex. Bus. & Comm. Code seeks a declaration that HSBC is not a person entitled to enforce Plaintiff's note and deed of trust and therefore the foreclosure was defective and improper. Thus the § 3.301 claim is part of Plaintiff's wrongful foreclosure cause of action, or alternatively, part of her prayer for a declaratory judgment, her third claim. The Declaratory Judgment Act[8] "does not create an independent

---

[8] "'When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act.'" *Morlock, LLC v. JP Morgan Chase Bank*, N.A., Civ. A. No. H-12-1448, 2012 WL 3187918, at *7 (S.D. Tex. Aug. 2, 1012), *quoting Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, *8 (S.D. Tex. Feb. 21, 2012).

source of federal jurisdiction, but merely provides a remedy if there is, in fact a judicially remediable right." *Mahfoud v. Bank of America, NA*, No. 3:12-CV-2651-0-BK, 2012 WL 4512075, *4 (N.D. Tex. Aug. 31, 2012), *citing Schilling v. Rogers*, 363 U.S. 666, 677 (1960). "The federal Declaratory Judgment Act does not create a substantive cause of action but, instead, is merely a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Morlock, LLC v. JP Morgan Chase Bank*, N.A., Civ. A. No. H-12-1448, 2012 WL 3187918, at *7 (S.D. Tex. Aug. 2, 1012). If Plaintiff fails to adequately plead a substantive legal claim, her request for declaratory and injunctive relief fails as well. *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011); *Cannon v. JPMorgan Chase Bank, N.A.*, No. 4:11-CV-458, 2011 WL 6838615, *6-7 (E.D. Tex. Nov. 16, 2011), *report and recommendation adopted*, 2011 WL 6838614 (E.D. Tex. Dec. 29, 2011, appeal dism'd).

Second, it appears from the state court records that although HSBC purchased the property at the foreclosure sale, Plaintiff retains possession of it. To bring a claim for wrongful foreclosure under Texas law, Texas Property Code § 51.002 requires that the mortgagor must have lost possession of her home. *Denley v. Vericrest Financial, Inc.*, Civ. A. No. H-12-992, 2012 WL 2368325, *3 (S.D. Tex. June 21, 2012), *citing Smith v. J.P. Morgan Chase Bank N.A.*, No. H-10-3730, 2010 WL 4622209, *2 (S.D. Tex. Nov.

4, 2010)("Under Texas law, even if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home."), citing *Baker v. Countrywide Home Loans, Inc.*, Civ. A. No. 3:08-CV-0916-B, 2009 WL 1810336, *4 (N.D. Tex. June 24, 2009).   Thus if Plaintiff retains possession of the property, this action must be dismissed.

The Court agrees with HSBC that as a matter of law that as a non-party to the assignment of the lien, Plaintiff lacks standing to contest it. *Pagosa Oil and Gas, LLC v. Marrs and Smith P'ship*, No. 08-07-00090, 2010 WL 450910, *4-5 (Tex. App.--El Paso Feb. 10, 2010, pet. denied); *Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, No. 10-11589, 2010 WL 1956867, *9-10 (E.D. Mich. May 13, 2010)("[F]or over a century, state and federal courts around the country have [held] that a litigant who is not a party to an assignment lacks standing to challenge that assignment";"[A] borrower may not challenge the validity of assignments to which it was not a party or third-party beneficiary.")(*citing Ifert v. Miller*, 138 B.R. 159 (Bankr. E.D. Pa. 1992)(applying Texas law)), *aff'd*, 399 Fed. Appx. 97 (6th Cir. Oct. 10, 2010), *cert. denied*, 131 S. Ct. 1969 (2011); *Eskridge v. Fed. Home Loan Mortg. Corp.*, No. 6:10-CV-00285-WSS, 2011 WL 2163989, *5 (W.D. Tex. Feb. 24, 2011); *Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-375, 2012 WL 629440, *8 (E.D. Tex. Feb. 3, 2012); *In re MERS Litig.*, MDL No. 09-2119-JAT, 2011 WL

4550189, *5 (D. Ariz. Oct. 3, 2011).

Even if she did have standing to challenge the assignment, her conclusory, speculative statement that Anderson may not have signed the transfer of lien has neither factual support nor evidence to support it. Although she claims she needs discovery to prove it, *Iqbal* clearly holds that Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 129 S. Ct. at 1940. Furthermore, as correctly pointed out by HSBC, the deed of trust here demonstrates that the assignment of the mortgage to HSBC from WMC Mortgage Corp. through MERS as WMC Mortgage Corp.'s nominee for lender and lender's successors and assigns and the successors and assigns of MERS, which Plaintiff agreed to by signing the deed of trust, was permissible and that HSBC does have authority to enforce the terms of the deed of trust. The deed of trust gave MERS the authority to transfer the deed of trust and it gave MERS the power to foreclose and to sell. *Richardson v. CitiMortgage, Inc.*, Civ. A. No. 6:10cv119, 2010 WL 4818556, *5 (E.D. Tex. Nov. 22, 2010)("Under Texas law where a deed of trust expressly provides that MERS has the power of sale, MERS has the power of sale."). MERS transferred that deed to HSBC. HSBC correctly showed that under Texas law HSBC has the right to foreclose based on the deed of trust alone, and that it did not have to record the document with the county's real property records.

Despite several submissions, Plaintiff fails to respond to HSBC's point that she had not alleged facts supporting two essential elements of a wrongful foreclosure cause of action:  a defect in the foreclosure sale or a grossly inadequate sales price caused by that defect.  Indeed her pleadings, with copies of relevant documents attached as support, appear to indicate that the sales price was not grossly inadequate.  "Under Texas law a grossly inadequate price would have to be 'consideration so far short of the real value of the property as to shock a correct mind, and thereby raise a presumption that fraud attended the purchase.'" *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-CV-359-A, 2012 WL 2511169, *9 (N.D. Tex. June 29, 2012), *citing FDIC v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990), *quoting Richardson v. Kent*, 47 S.W. 2d 420, 425 (Tex. Civ. App.--Dallas 1932, no writ)("The weight of Texas authority rejects a determination of gross inadequacy where . . . property sells for over 60% of fair market value."). Plaintiff states that HSBC purchased the property at the foreclosure sale for $100,469.17.  #1-4, Ex. A-2, ¶15.  The amount of money she borrowed to purchase the property was $102,000.00. *Id.* at ¶ 8.

As noted, when a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *Great Plains Trust Co*, 313 F.3d at 329 (5th

Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").    Federal Rule of Civil Procedure 15(a) provides in relevant part,

> (1) **Amending as a Matter of Course**.   A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2)**Other Amendments**.   In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires.

A court has discretion in deciding whether to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 181 (1962).   Since the language of the rule "'evinces a bias in favor of granting leave to amend," the court must find a "substantial reason" to deny such a request. *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, Civ. A. No. H-05-4389, 2006 WL 2521411, *3 (S.D. Tex. Aug. 29, 2006), *quoting Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), and *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Factors for the court to consider in determining whether a substantial reason to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

The Court cannot be absolutely sure that amendment here would be futile for the matters of law pointed out in this Opinion and Order. Accordingly it

ORDERS the following:

1. HSBC's motion to dismiss (#3) is GRANTED for the reasons stated above;

2. Plaintiff is granted leave, if she is able in accordance with the law, to file an amended complaint within twenty days of entry of this Opinion and Order; failure to comply will result in dismissal of this action; and

3. HSBC's alternative motion for more definite statement


(#3) is MOOT.

**SIGNED** at Houston, Texas, this 22nd day of January, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE


-33-