IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA VEDA MUNOZ, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | No. 4:12-CV-00894 |
| | § | |
| HSBC BANK USA, N.A., AS | § | |
| TRUSTEE ON BEHALF OF ACE | § | |
| SECURITIES CORP. HOME EQUITY | § | |
| LOAN TRUST AND FOR THE | § | |
| REGISTERED HOLDERS OF ACE | § | |
| SECURITIES CORP. HOME EQUITY | § | |
| LOAN TRUST SERVICES 2007-WM2, | § | |
| ASSET BACKED PASS-THROUGH | § | |
| CERTIFICATES, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending is the above referenced cause for trespass to try title and to remove cloud and quiet title to Plaintiff Linda Veda Munoz's home and property at 6943 Fox Mesa Lane, Humble, Texas 77338 ("the property") is a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 20) filed by Defendant HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Loan Trust Series 2007-WM2, Asset Backed Pass-Through Certificates ("HSBC"). Doc. 20.

Having considered Defendant's Motion, the facts of this case, and the applicable law, the Court concludes that Defendant's Motion to Dismiss should be granted.

**Background and Relevant Facts**

On November 14, 2006, Plaintiff purchased the property with the aid of two loans from WMC Mortgage Corp, one for $81,600.00 and the other for $20,400.00. Both Deeds of Trust state that the Mortgage Electronic Registration Systems, Inc. ("MERS"), defined as "a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns," is "the beneficiary under this Security Instrument." On February 26, 2008, MERS assigned the Note and Deed of Trust to HSBC, with the transfer document reportedly signed by Scott Anderson ("Anderson"), Vice President of MERS. On October 28, 2011, HSBC purchased the property at a foreclosure sale for $100,469.17, and filed an eviction suit against Plaintiff.

Plaintiff filed suit against HSBC in state court alleging wrongful foreclosure and violations of the Texas Business & Commerce Code § 3.301, and seeking a declaratory judgment that the assignment of her home equity loan to HSBC is invalid, along with an order that HSBC "execute all documents necessary to clear title to the property." In her original petition, Plaintiff alleged that HSBC did not have possession of the promissory note, that Anderson did not sign the transfer document, that the Note has not been recorded in the Real Property Records of Harris County, and, therefore, HSBC did not have the authority to foreclose on Plaintiff's property. Doc. 1. The case was removed from state court on diversity jurisdiction grounds.

In its first Motion to Dismiss, HSBC argued that Plaintiff failed to plead any facts that would support a finding of either a defect in the foreclosure sale or a grossly inadequate sales price. HSBC further argued that Plaintiff has no standing to challenge the validity of the assignment of the mortgage because she was not a party to the assignment. Finally, HSBC argued that even if she did have standing to challenge the assignment, Plaintiff failed to plead any facts to support her allegations that Anderson did not sign the transfer document. Doc. 3.

On January 22, 2013, the Court granted HSBC's first Motion to Dismiss. Doc. 16.  In so doing, the Court first noted that while Plaintiff set forth three causes of action, in actuality she only asserted a single claim for wrongful foreclosure.  With respect to that claim, the Court focused on the legal requirement for a wrongful foreclosure claim that a plaintiff lose possession of the property.  As Plaintiff continued to retain possession of the property, she could not state a wrongful foreclosure claim.  The Court then concluded, as a matter of law, that Plaintiff did not have standing to challenge the assignment of the mortgage from MERS to HSBC, and that even if Plaintiff did have standing, her allegations concerning Anderson were speculative and not supported by any factual allegations. Finally, the Court determined that Plaintiff had failed to allege any facts supporting two essential elements of a wrongful foreclosure claim: a defect in the foreclosure sale; and a grossly inadequate sales price caused by that defect.  Plaintiff's claims were, consequently, dismissed, but Plaintiff was granted leave to file an amended complaint.

On February 11, 2013, Plaintiff filed an Amended Complaint.  In that Amended Complaint (Doc. 18), Plaintiff now asserts a claim for trespass to title and/or to remove cloud and quiet title.  In support of that claim, Plaintiff notes that various New York courts have questioned Anderson's trustworthiness and employment history and alleges that Anderson "did not sign the assignment in this case [and]  did not have the authority to sign the assignment," thereby making the assignment invalid.  Plaintiff seeks a declaration that the foreclosure was improper and that her title is superior.

HSBC, with its second Motion to Dismiss (Doc. 20), now seeks dismissal of the trespass to try title/quiet title claim, arguing that Plaintiff has not stated such a claim.  According to HSBC, while it is Plaintiff's burden on quiet title claim to show her superior equity in the title and to allege facts that demonstrate the strength of her title rather than the weakness of HSBC's

title, all Plaintiff alleges is that her title is superior. This allegation, HSBC argues, does not state a claim.

Plaintiff, in response to the Motion to Dismiss, argues that she has stated a quiet title claim because she has alleged that she is "the owner" of the property and, as the owner, has the right to determine the validity of liens and subsequent sales of the property and the right to inquire whether HSBC has the right to foreclose on the property. HSBC, in Reply, points out that Plaintiff's allegations are nothing more than conclusions, and that Plaintiff's own allegations in her Amended Complaint about the assignment of the Deed of Trust by MERS to HSBC defeat any challenge she tries to raise, now for a second time, to HSBC's right to foreclose.

**Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegation, … a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965, citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more…than…a

Case 4:12-cv-00894   Document 32   Filed in TXSD on 09/12/13   Page 5 of 9

statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v Gibson*, 355 U.S. 41…(1957) ["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face'"), *citing Twombly*, 127 S. Ct. at 1974). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face" and therefore fails to "raise a right to relief above the speculative level." *Montoya*, 614 F.3d at 148 *quoting Twombly*, 550 U.S. at 555, 570. "[T]hreadbare recitals of the elements of a cause of action, supported by conclusory statements do not suffice" under 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 496, 498 (5th Cir. 2000).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund v. (U.S.), L.P. v.*

*Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). See also *United States ex. rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("the court may consider…matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper in a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id*. at 783, *citing* Fed. R. Evid. 201(b).

**Relevant Law**

A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld." *Reardean v. CitiMortage, Inc.,* No. A-11-CA-420-SS, 2011 WL 3268307 at *5 (W.D. Tex. July 25, 2011), (*citing Porett v. Pattersono*, 251 S.W.3d 701, 708 (Tex. App.—Houston [1st Dist.] 2007, no pet.) The cause of action "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Morlock, L.L.C. v. Bank of Am., N.A.*, CIV.A. H–12–0364, 2012 WL 1640895 at *3 (S.D. Tex. May 8, 2012) (*quoting Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." Id. (*citing U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507 *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011). "To quiet title in his favor, the plaintiff 'must allege right, title, or ownership in himself or

herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.'" *Reardean*, 2011 WL 3268307 at *5 (*quoting Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)). Lastly, "a plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice." *Morlock*, 2012 WL 1640895 at *3 (*citing Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001)).

**Court's Decision**

Although Plaintiff states two causes of action in her amended complaint, the Court finds that in actuality Plaintiff has asserted a single cause of action to quiet title. In addition, the Court concludes, as it has done once before, that Plaintiff lacks standing to contest the validity of the mortgage transfer from MERS to HSBC.

To establish standing, a plaintiff must assert his own legal rights and interest and cannot rely on the legal right and interest of a third party. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). "[A] borrower may not challenge the validity of assignments to which it was not a party or third-party beneficiary." *Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* No. 10-11589, 2010 WL 1956867, at *9-10. (E.D. Mich. May 13, 2010). *See also Eskridge v. Fed. Home Loan Mortg. Corp.*, No. 6:10–CV–00285–WSS, 2011 WL 2163989, *5 (W.D. Tex. Feb. 24, 2011). Here, to the extent Plaintiff bases her quiet title claim on allegations that the assignment of the Note and Deed of Trust was invalid, Plaintiff's quiet title claim fails because she lacks standing to challenge the assignment. Plaintiff's lack of standing to challenge the assignment was made clear in the January 22, 2013 Order granting HSBC's first Motion to Dismiss, and is unaffected by any allegation in Plaintiff's Amended Complaint.

Moreover, even if Plaintiff had standing, her suit to quiet title still would fail. Here,

Plaintiff does no more than challenge the validity of HSBC's ability to foreclose by asserting that Anderson does not have authority to assign the property and that the signature on the assignment is not his. Plaintiff bases this allegation on various New York courts' opinions that question Anderson's employment history. Doc. 18. As this Court has already determined, Plaintiff's belief that Anderson did not sign the transfer of the lien or did not have the authority to sign the transfer is speculative and "has neither factual support nor evidence to support it." Doc. 16 at 30. Further, Plaintiff relies entirely on the weakness of HSBC's title, rather than the strength of her own title. While Plaintiff states that "Plaintiff is the owner" of the property by virtue of her recorded deed (Doc. 18 at 2), this statement is insufficient to establish an interest in the property to satisfy the first element in a quiet title action. Moreover, because Plaintiff fails to plead that she has paid the Note or is current in making payments on the Note, she is not in a position to show the superior strength of her title.[1] *See, e.g., Sanchez v. Bank of America, N.A.*, No. 4:12CV615–RAS–DDB, 2013 WL 3097906, *4 (E.D. Tex. June 18, 2013) (holding that allegations of superior title must go "beyond labels and conclusions"); *McLerran v. Flagstar Bank, FSB,* No. 4:12CV718, 2013 WL 2468733, *4 (E.D. Tex. June 7, 2013) (dismissing a complaint because the plaintiff did not establish facts to show a plausible claim to quiet title); *Summers v. Pennymac Corp.*, Civ. A. No. 3:12–CV–01235–L, 2012 WL 5944943, *3 (N.D. Tex. Nov. 28, 2012) (holding that a statement that the plaintiff owns the property is conclusory); *Cruz v. CitiMortgage, Inc.,* Civ. A. No. 3:11–CV–2871–L, 2012 WL 1836095, *4 (N.D. Tex. May 21, 2012) (holding that the plaintiffs' contention that they were the lawful owners of the property was not sufficient to establish superior title).

---

[1] Plaintiff relies on *Mortgage Electronic Registration Systems, Inc. v. Groves* to support her contention that a plain statement that "Plaintiff is the owner of the property" is sufficient to establish that she has an equitable interest in the property. 14-10-00090-CV (Tex. App. – Houston [14th Dist.] 2011, no writ). However, this is a state court decision that does not rely on the pleading standard set forth in *Twombly*.

Plaintiff has already been given leave to amend her complaint. Her Amended Complaint, for many of the reasons set forth in the January 22, 2013 Order, as well as this one, fails to state a claim against HSBC for which relief may be granted. Accordingly, it is hereby

**ORDERED** that Defendant HSBC's motion to dismiss (Doc. 20) Plaintiff Linda Veda Munoz's amended complaint (Doc. 18) is **GRANTED** and the case is **DISMISSED WITH PREJUDICE.**

SIGNED at Houston, Texas, this 12th day of September, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE